FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2012 AUG 20  PM 1: 03

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MICHAEL ANDERSON, on his
own behalf and others similarly
situated,

        Plaintiff,

vs.

BRIDGESTONE RETAIL
OPERATIONS, a Florida Limited
Liability Company, d/b/a FIRESTONE
COMPLETE AUTO CARE,

        Defendant.         /

CASE NO.:

6:12-CV-1281-ORL-37-GJK

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MICHAEL ANDERSON ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated ("Plaintiffs"), by and through the undersigned counsel, and files this Complaint against Defendant, BRIDGESTONE RETAIL OPERATIONS, LLC, d/b/a FIRESTONE COMPLETE AUTO CARE ("FIRESTONE"), and states as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as this is a claim for Unpaid Overtime brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover overtime wages, an additional and equal amount in liquidated damages, and attorneys' fees and costs.

2.      Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

3. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b), 29 U.S.C. §215(a) and 28 U.S.C. §§ 2201-2202.

4. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Seminole County, which is within the venue of the U.S. District Court for the Middle District of Florida, Orlando Division.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Volusia County, Florida.

6. At all times material hereto, Defendant BRIDGESTONE RETAIL OPERATIONS was, and continues to be, a Florida Limited Liability Corporation. Further, at all times material hereto, Defendant FIRESTONE was, and continues to be, engaged in business as an auto repair and maintenance shop in Seminole County, Florida with a principle place of business located in Bloomingdale, Illinois.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Used channels of commerce;

    c. Communicated across state lines; and/or

    d. Performed work essential to any of the preceding activities.

9.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA and Defendant continues to be an "employer" within the meaning of FLSA.

11.     At all times material hereto, Defendant FIRESTONE was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12.     Based upon information and belief, the annual gross revenue of Defendant is in excess of $500,000.00 per annum during the relevant time periods.

13.     The additional persons who may become plaintiffs in this action "worked" for Defendant, held similar positions to Plaintiff, and worked in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times their regular rate of pay for their "off the clock" hours worked in excess of forty (40) hours.

14.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

15.     Defendant hired Plaintiff to work as a non-exempt hourly paid service employee from September 2007 through June 2012.

16.     Plaintiff was paid $13.25 for each hour that he worked for Defendant plus monthly bonuses.

17.     Plaintiff's primary duty was to write up estimates, wait on customers and assist mechanics with cars that Defendant's customers brought to Firestone for service.

18.     From at least August 2009 and continuing through June 2012, Defendant failed to properly compensate Plaintiff. Specifically, he received no premium compensation at a rate of one and one-half times his regular rate of pay for "off the clock" hours worked in excess of forty (40) hours in the single work week. Plaintiff automatically was "clocked out" when running end of day reports, although after being "clocked out," Plaintiff still worked approximately 30 to 45 minutes "off the clock" to complete the work day.

19.     Defendant's management was aware that Plaintiff was working "off the clock" but failed to compensate him for same.

20.     The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate of pay for their "off the clock" hours worked in excess of forty (40) hours.

21.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendant.

22.     Defendant has violated Title 29 U.S.C. §207 from at least August 2009 and continuing through June 2012, in that:

    a.     Plaintiff and other similarly situated employees worked in excess of forty (40) hours per week for the period of their employment with Defendant;

    b.     No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff and similarly-situated employees at the statutory rate of one and one-half times their regular rate of pay for those "off the clock" hours

worked in excess of forty (40) hours per work week as provided by the FLSA; and

        c.     Defendant has failed to maintain proper time records as mandated by the FLSA.

23.     Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

24.     Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

25.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

**COUNT I**
**UNPAID OVERTIME WAGES**

26.     Plaintiff realleges and incorporates paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.     From at least August 2009 and continuing through June 2012, Plaintiff worked in excess of forty (40) hours per week during one or more weeks of his employment and worked "off the clock hours" for which he was not compensated at the statutory rate of one and one half times Plaintiff's regular rate of pay.

28.     Plaintiff and others similarly-situated were and are entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those "off the clock" hours worked in excess of forty (40) hours each work week.

29.     At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

30.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

31.     Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

32.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time "off the clock" worked over forty (40) hours per week, plus liquidated damages.

33.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

34.     At all times material hereto, Defendant failed to comply with Title 29 and the United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decisions that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

35.     Based upon information and belief, both current and former employees of Defendant similarly situated to Plaintiff were not and are not being paid proper overtime for "off the clock" hours worked in excess of forty (40) in one or more work weeks.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## DECLATORY RELIEF

36.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35 above.

37.     Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

38.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

39.     Plaintiff may obtain declaratory relief.

40.     Defendant employed Plaintiff and others similarly-situated.

41.     Defendant is an enterprise covered by the FLSA.

42.     Plaintiff was individually covered by the FLSA.

43.     Plaintiff, and others similarly-situated, are entitled to overtime wages pursuant to 29 U.S.C. §207.

44.     Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

45.     Plaintiff, and other similarly-situated employees, are entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

46.     The damages suffered by Plaintiff and others similarly-situated are ongoing.

47.     Plaintiff and others similarly-situated will suffer future damages for which there is no adequate remedy at law.

48.   Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

49.   It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

50.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff, respectfully request that judgment be entered in his favor against Defendant:

a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

b.   Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.   Awarding Plaintiff pre-judgment interest;

f.   Granting Plaintiff and Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff;

g.   Ordering any other further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this ___ day of August, 2012.

Respectfully Submitted,

_____

Richard Celler, Esq.
Florida Bar No.: 173370
Morgan & Morgan, P.A.
600 N. Pine Island Road
Plantation, FL 33324
Telephone: (954) 327-5363
Facsimile: (954) 333-3515
Email: rceller@forthepeople.com
*Attorney for Plaintiffs*

## <u>28 U.S.C. § 1746 Declaration Under Penalty of Perjury</u>

I, <u>MICHAEL ANDERSON</u>, declare under penalty of perjury that the foregoing is true and correct.

DATED this _____ day of August, 2012.

_____

MICHAEL ANDERSON
